J. H. BARTEE v. HOUSTON AND TEXAS CENTRAL RAILWAY COMPANY.

Against persons committing trespasses, our statute authorizes suit to be brought in the county wherein the trespass was committed. (Paschal's Digest, Article 1423.) A railroad company is a person within the meaning of this act, and is liable to be sued in any county in which its agents may have committed a trespass.

APPEAL from Brazos. Tried below before the Hon. J. M. Onins.

The appellant brought this action in the District Court of the county of Brazos, alleging in his petition that on or about a

certain day his wagon and team, and servant, were run over and greatly injured by the defendant's locomotive, at the intersection of the track and of one of the streets of the town of Bryan, in Brazos county. The defendant was charged with negligence, by reason of certain box-cars being so left on a side track as to obstruct the view from the street, and also by reason of the failure of the engineer or officers of the train to give notice of its approach, etc. The petition alleged that the defendant was a corporation chartered under the laws of this State, having its principal office in Houston, Harris county; and prayed process to that county, "to the end that service may be had on said company through W. R. Baker, its president, or A. S. Richardson, its secretary."

The defendant demurred for want of jurisdiction apparent on the face of the petition. The court below sustained the demurrer, and dismissed the case.

*J. D. Thomas*, for the appellant.

*Davis & Beall*, for the appellee, insisted that under the charter of the company, and under the general railroad law of Texas (Article 4888, Paschal's Digest), the suit could not be maintained in any other county than that in which the company had its principal office.

Citing 8 Watts' (Pa.) R., 291, and 1 Scammon (Ill.), 178, they maintained that the word "persons" in statutes will be confined to natural persons. They also contended that the word "trespass," as used in Article 1423, Paschal's Digest, means trespass *vi et armis* only.

WALKER, J. The question for our decision in this case, is : Can a railroad be sued in any county wherein its agents commit a trespass, or must it be sued in that county where its principal business office is kept ? Our statute confers a right of action against persons committing a trespass, in whatever county the trespass is committed.

But it is urged that a railroad company is not a person within the meaning of this provision of the law, and that, where the action at common law would have been trespass on the case, it cannot be brought, under our system, where the action of trespass might lie, if a railroad company is to be regarded as a person, within the meaning of the law.

A railroad company is an artificial person, and for many purposes is regarded in the law as subject to the same responsibilities and liabilities as natural persons.

We do not recognize in our system any of the common law forms of action, nor will this court entertain a technical objection to the action brought in this case, such as even under the niceties of the common law, was never supported by sound reason or common sense.

The judgment of the District Court is reversed and the cause remanded.

Reversed and remanded.