# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1878.

---

### HOUSTON AND TEXAS RAILWAY CO. v. HENRY ORAM.

1. DILIGENCE AND CARE REQUIRED OF RAILROADS.—It is the duty of a railroad company to use ordinary care to provide such cars, road-beds, tanks, &c., as are reasonably safe. A failure to do this, is negligence chargeable to the company; and it is responsible in damages to an employee for an injury resulting, without his negligence, from a tank, or other appendage of the road, so negligently constructed as to subject the employee to unnecessary and extraordinary danger which he could not reasonably anticipate or know, and of which he was in fact not informed.

2. ORDINARY CARE—NEGLIGENCE.—Touching negligence, it is proper to charge the jury, that ordinary care and caution is such care and caution as a prudent man would exercise under similar circumstances.

3. MEASURE OF DAMAGE IN NEGLIGENCE—COUNSEL FEES.—Counsel fees for the prosecution of plaintiff's demand, in cases of tort for negligence, are not a natural or proximate result of the injury, and are not to be regarded in such cases in estimating actual damages.

4. COUNSEL FEES.—In cases where counsel fees may be considered in estimating damages, reasonable cash fees and expenses alone can be allowed.

5. SAME—CONTINGENT FEES.—Where the only testimony touching the amount of counsel fees was that contingent fees of one-half the amount recovered were usually contracted for, it was error to submit to the jury counsel fees as a matter to consider in finding the amount of damages.

ERROR from Bastrop. Tried below before the Hon. J. P. Richardson.

June 26, 1872, appellee, who was a brakeman and baggage-master on the Houston and Texas Central Railway Company, while attending to his duties as brakeman, and

(341)

ascending a side ladder on a car, was knocked off by the projecting frame-work of a water-tank belonging to the company. The tank was closer than usual to the road; the frame-work not far enough from the side of the car to allow a man to ascend the car with safety. It was Oram's duty to be at the brake at the stopping-places, and not to await the signals. He was going to his place, in obedience to the signal, in haste. The engineer did not check the speed of the train, which was moving from twelve to fourteen miles per hour.

When struck, Oram fell thirty-nine feet; by the fall, his thigh-bone was broken, his hip-joint crushed, his back injured, and a slight injury was made to his face. The injury caused great suffering and permanent disability. Oram was a laboring man; made sixty-five dollars per month. Since the injury, he is unable to do anything. There were ladders on each side and end of the cars. The injury would not have happened, had Oram gone by any of the other ladders.

The pleadings on the part of plaintiff alleged the injury, and that it was from gross and willful negligence. Exemplary damages were claimed, including attorney's fees, &c.

The defendant pleaded in abatement. This plea seems never to have been called to the attention of this court until the motion for new trial. The defendant pleaded negligence on the part of the plaintiff, general denial, &c.

On the trial, after the testimony touching the injury, the plaintiff proved, by George Goldthwaite, as follows: "I am an attorney-at-law; that is my profession and business. I can't say what would be a reasonable fee for the prosecution of a case of this character. My practice has generally placed me on the other side. Attorneys usually make their contracts for contingent fees for one-half of the amount recovered; and I have known as much as two-thirds of the amount to be contracted for."

The court instructed the jury as follows: "The plaintiff sues to recover damages for injuries sustained by him in an acci-

dent, caused, as he alleges, by the carelessness or negligence of the defendant or its agents.

"A railroad company is liable for an injury done one of its employees or servants in the line of his duty, where the injury is caused by the carelessness or negligence of another employee or servant who, by his employment, is superior to or is placed in control of the one injured.

"Such a company is bound to provide a safe road, cars, machinery, and other appliances for running the road, and competent engineers and agents; and if it fails to do so, it is liable for injuries to any person in consequence of such failure.

"The above rule is subject to the qualification, that their employee or servant is bound to exercise due and proper care himself, and if the injury or accident is caused in any degree by his own carelessness or negligence, the company is not liable.

"If you find, from the evidence, that the plaintiff, acting in the line of his duty, without any carelessness or negligence on his part, was injured by or through the carelessness of the conductor or engineer of the train on which he was employed; or if the accident or injury was caused by the improper construction of the road, the tank, or the cars, then you should return a verdict for the plaintiff for such amount as you deem just and proper,—considering not only the actual loss to him of time, of wages, expenses of witnesses, counsel fees, and damages already incurred, but he will be compensated for the pain and suffering, the anguish of mind, considering his condition, and for the probable disadvantages to him in the future, in consequence of the injury.

"If you find that the accident was caused in whole or in part by the carelessness or negligence of the plaintiff, then you will return a verdict for the defendant.

"If you find that the accident happened through no carelessness or negligence of the railroad company in the construction of the road and machinery, or in the selection of their

agents or servants, and no carelessness on the part of the con-
ductor or engineer, then you will find for the defendant."

The defendant asked the court to instruct the jury: "If the
plaintiff Oram could, by the use of ordinary care and caution,
have avoided the danger or prevented the injury, he is not
entitled to recover.

"To entitle the plaintiff Oram to recover in this suit, he
himself must have been blameless.

"Ordinary care and caution is such care and caution as a
prudent man would exercise under similar circumstances.

"If you believe that Oram did not use such ordinary care
or caution, but, on the contrary, heedlessly, negligently, and
carelessly exposed himself to unnecessary danger, and in so
doing received the injury and damage complained of, then
he is not entitled to recover.

"In assessing the amount of damages, you are not author-
ized to consider the value of attorney's fees for the prosecu-
tion of a case of this character."

The jury returned a verdict for the plaintiff for $24,000,
upon which judgment was rendered.

Defendant urged a motion for new trial, on the ground
that the court erred in overruling the plea in abatement, and
other reasons on the merits.

The motion was overruled.    The defendant, by writ of
error, seeks the reversal of the judgment.

(The opinion was rendered June 2, 1876.    The record did
not reach the reporters with the business of that term.)

*Sayles & Bassett* and *Goldthwaite & Turner*, for plaintiff in
error.

*Carleton & Robertson,* for defendant in error.

GOULD, ASSOCIATE JUSTICE.—The question of jurisdiction
decided in Bartee *v.* Houston and Texas Railroad Company,
36 Tex., 648, and so elaborately discussed in the briefs of coun-

sel for plaintiff in error, is not one which is properly before us
in this case.    There was a plea to the jurisdiction, but the
record shows no action of the court on that plea; nor does
it show that, by charges asked or otherwise, save in a motion
for new trial, any action thereon, of either court or jury, was
invoked.    In this state of the record, it must be presumed
that the plea was waived.    The charge of the court allowed
the plaintiff to recover, if the injury was caused by the neg-
ligence of another employee, by his employment superior to
or placed in control of plaintiff, or by the improper construc-
tion of the road, the tank, or the cars, and was not caused in
any degree by the carelessness or negligence of plaintiff.

If the record contains any evidence that the injury was the
result of negligence or misconduct on the part of the engi-
neer, conductor, or other superior officer, it is of a character
too slight and inconclusive to support a verdict.    Counsel for
plaintiff in error say that for this reason they invoke no opin-
ion on that part of the charge, and, under the circumstances,
none will be expressed.

That the company was responsible if the injury was caused
by the improper construction of the road, tank, or cars, with-
out any carelessness or negligence on the part of the plaintiff,
was not contested.    The law is believed to be settled, that it
is the duty of the railroad company to use ordinary care to
provide such cars, road-bed, tanks, &c., as are reasonably
safe; that a failure to do this, is negligence chargeable on
the company itself; and that the company is responsible in
damages to an employee for an injury resulting, without his
negligence, from a tank or other appendage of the road so
negligently constructed as to subject the employee to unneces-
sary and extraordinary danger which he could not reason-
ably anticipate or know of, and of which he in fact was not
informed.

In the answer, it was alleged, that if there was any imper-
fection in the road-bed or structures, the plaintiff well knew
of them, and that the accident was occasioned by his own

negligence. The only complaint made of the charge in this branch of the case, is the refusal to give certain instructions asked, to the effect that Oram was not entitled to recover if he could, by the use of ordinary care or caution, have avoided the danger, and giving the following definition: " Ordinary care and caution is such care and caution as a prudent man would exercise under similar circumstances." This definition is sanctioned by authority, (Shearman & Redf. on Neg., sec. 20,) and no good reason is perceived for the refusal to give it,—unless, indeed, the court regarded the explanation as failing to make the subject more intelligible to the jury. It does not, however, become necessary to inquire whether the refusal of these instructions constituted a material error.

A part of the charge urgently complained of, is that allowing the jury to consider counsel fees in estimating damages.

Counsel fees for the prosecution of plaintiff's demand in cases of tort for negligence are not a natural or proximate result of the injury, and are not to be regarded in such cases in estimating actual damages, but may be considered by the jury, in a proper case, in fixing the amount of exemplary damages. (Addison on Torts, p. 988; Hilliard on Remedies for Torts, pp. 507, 508.) This subject was so fully considered, in the opinion delivered a few days since, in the case of Lander v. Obert, as to render its further discussion or further reference to authority unneccessary. It is not material to inquire whether this case was, either under the pleadings or evidence, one in which exemplary damages might have been given, and therefore one in which counsel fees might be considered. Whether it was or was not such a case, we are of opinion that there was no evidence as to counsel fees justifying the charge, and that the only evidence on that subject was of a character calculated to mislead the jury, and such as to render the charge on that subject erroneous. There was no evidence as to what was a reasonable moneyed or cash fee; but the only evidence on the subject was that contingent fees of one-half the amount recovered were usually

contracted for.   We are aware of no authority which would authorize in any case the consideration of any other than reasonable cash expenses and fees.   The relaxation of the common-law rule forbidding contingent fees out of the subject-matter of litigation as champertous, is simply a concession to the rights and necessities of litigants.   The proposition, that the necessitous condition of the plaintiff, or the nature of his contract with his counsel, could operate to increase the damages to which the defendant is otherwise liable, scarcely needs refutation.   The amount of the verdict in this case is such as could scarcely have been arrived at by any fair estimate of actual damages; and it seems a not unreasonable conclusion that the jury were misled by the evidence and the charge as to counsel fees.   The effect of the charge, in connection with this evidence, may have been to double the amount of the verdict.   For this error in the charge, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.