Austin & Northwestern Railway Company v. Joseph Beatty.

No. 6122.

1. **Negligence.** — An employer must exercise for the safety of one serving him such care and caution as an ordinarily prudent person would exercise under similar circumstances.

2. **Negligence.**—An employe of a railway company acting under orders was marking the number of a bridge, and while standing on the bridge cap, where he would not, have been hurt by a passing train, the vice-principal of the company caused a train to move forward over the bridge, when the employe, becoming alarmed, in attempting to get upon a passenger coach fell and was injured. In an action for damages against the railroad, *held:* If there was no want of proper caution and care on the part of the vice-principal in moving the train forward, and such movement did not in fact render the position of the plaintiff on the bridge one of peril, but he believed himself in danger, and in attempting to get on the passenger coach he was impelled by terror produced by the apparent danger when none existed and was thus injured, he could not recover damages unless the surrounding circumstances were such as were reasonably calculated to produce such terror in the mind of an ordinarily thoughtful and self-possessed person.

engaged in such employment, and unless the means employed by him to escape the apparent peril were such as an ordinarily prudent man would use under like circumstances.

APPEAL from Travis. Tried below before Hon. A. S. Walker. The opinion states the case.

*Maxey & Fisher*, for appellant.—Plaintiff sought a recovery for injuries alleged to have been sustained by him while in the service of the defendant through the negligence of the defendant or of its vice-principal Leitnaker; and hence it devolved upon him to establish, first, that the injuries of which he complained resulted directly and proximately from the negligence of the defendant or of its vice-principal; and second, that he was in the exercise of due care and did nothing which contributed to his own hurt. And the evidence failing to disclose any negligence whatever on the part of the defendant or of Leitnaker, and establishing, if anything, that the injuries received by plaintiff were attributable either to inevitable accident or to contributory negligence on his part, it follows that the verdict of the jury and the judgment thereon were contrary to and against both the law and the evidence. G. H. & S. A. Ry. Co. v. Bracken, 59 Texas, 71, 73–6; Mo. Pac. Ry. Co. v. Christman, 65 Texas, 369· Hester v. I. & G. N. Ry. Co., 64 Texas, 401; H. & T. C. Ry. Co. v. Schmidt, 61 Texas, 285; T. & N. O. Ry. Co. v. Crowder, 63 Texas, 502, 503–6; Wood on Mast. and Serv., 382; Pierce on Rys., 299, 382; Rorer on Rys., 697; Whart. on Neg., 428; Thomp. on Neg., 1053, 1175; Cool. on Torts, 673.

There was evidence tending to prove that plaintiff's injuries, if not the result of inevitable accident or of contributory negligence on his part, were occasioned by the act of a fellow servant, and under its pleadings and the testimony defendant was entitled to have this defense presented to and passed upon by the jury under appropriate instructions as to the liability of the defendant in such cases. I. &. G. N. R. R. Co. v. Roth, 4 Texas Law Rev., 4–8; H. & T. C. Ry. Co. v. Willie, 53 Texas, 318; Price v. H. D. N. Co., 46 Texas, 535; Robinson v. H. & T. C. Ry. Co., 46 Texas, 540; Dallas v. G. C. & S. F. Ry. Co., 61 Texas, 197, 200–5; T. & P. Ry. Co. v. Harrington, 62 Texas, 597; R. R. Co. v. Rider, 62 Texas, 267–71; Waul v. Hardie, 17 Texas, 558; Gilkey·v. Peeler, 22 Texas, 668.

The care required of a master for the safety of his servant while the servant is engaged in performing for the master a service within the scope of his employment is such care only as an ordinarily prudent person would exercise under similar circumstances, and a charge which instructs the jury that the care required of the master towards his servant is such care as an ordinary man would use is meaningless and wholly uninstructive, because the law imputes no particular degree of care to an ordinary man, and because the evidence did not disclose nor did the court declare

what care an ordinary man would or should use under the circumstances surrounding the accident.   R. R. Co. v. Whitmore, 58 Texas, 288; T. & P. Ry. Co. v. Burns, 4 Texas Law Rev., 58; Mo. Pac. Ry. Co. v. Lyde, 57 Texas, 505–11; R. R. Co. v. Oram, 49 Texas, 346; Cool. on Torts, secs. 556, 558; Wood on Mast. and Serv., secs. 329, 344; 3 Wood's Ry. Law, sec. 373; Wood on Mast. and Serv., sec. 345.

The court in paragraphs one and four of its charge made the liability of the defendant depend not upon the negligence of the defendant or of its vice-principal, but upon the terror or fright of the plaintiff induced by a real or a fancied danger, and this without reference to any inquiry whether his terror was justified by. the surrounding facts and circumstances, and without reference to the essential inquiry whether Leitnaker, in producing the cause of the terror, was guilty of a want of such care towards plaintiff as an ordinarily prudent person should have observed under similar circumstances.   This error was further emphasized by giving special instruction No. 3 asked by plaintiff.   G. C. & S. F. Ry. Co. v. Wallen, 65 Texas, 568; 2 Wood's Ry. Law, sec. 1261; 2 Thomp. on Neg., p. 1092, sec. 8.

*Rector, Moore & Thomson,* for appellee.—The cap where plaintiff stood was really or apparently dangerous, and his fright and conduct justified by the surrounding circumstances.

Plaintiff's right of recovery hinged and still hinges on Leitnaker's negligence in moving the train over the bridge, and his conduct in that regard was negligent and created real and apparent danger to plaintiff. Am. Law Reg., Oct. No. 1886., art. on Con. Neg.

ACKER, PRESIDING JUDGE.—Joseph Beatty was employed by appellant to place numbers upon the bridges on its road between Austin and Burnet.   A special train, consisting of a locomotive, several flat cars, and a passenger coach attached to the rear end, went out from Austin under the personal control of Leitnaker, appellant's general superintendent, carrying appellee and other employes.   The train was stopped about sixty or eighty yards from bridge eight, and Leitnaker directed appellee to go forward to the bridge and nail the board upon which the bridge number was painted on the end of the cap of the bridge.   Appellee took his position on the end of the cap and began nailing the board to it, when Leitnaker directed the train to move forward.   Appellee finished nailing the board while the flat cars were passing him, threw his hatchet on to one of them, and when the front end of the passenger coach reached him he caught hold of the hand rail and attempted to enter the coach. He lost his hold and fell ten or twelve feet to the ground, sustaining injuries.   This suit was brought to recover damages for these injuries,

which it was alleged were caused by the negligence and want of due care upon the part of Superintendent Leitnaker.

Appellant answered by exceptions, general denial, and specially pleaded contributory negligence and negligence of fellow servant.

The trial was by jury and resulted in a verdict and judgment for appellee for one thousand dollars and costs.

We do not understand any question to be raised as to whether appellee and Leitnaker were fellow servants such as would relieve appellant from liability for the negligence of the latter.

The correctness of the judgment is questioned upon the grounds that the court erred in the charge given and in refusing special charges asked by appellant, and other grounds not necessary to mention.

It is contended that the court erred in paragraph one of its general charge in the following particulars:

1.  In defining the degree of care the master should exercise for the safety of his servant as being such care as an ordinary man would use under like circumstances; there being no evidence as to the degree of care an ordinary man would use, the definition was without meaning.

2.  It is a charge upon the weight of the evidence in assuming that plaintiff at the time of the accident was possessed of and had used such presence of mind, forethought, and care as an ordinary business man in like circumstances, real and apparent, would use.

3.  It makes the liability of defendant depend not upon the negligence or want of ordinary care of its vice-principal, but upon the terror or fright of plaintiff from a danger, real or apparent, and this without reference to the inquiry whether the terror was justified by the surrounding facts and circumstances, and without reference to the material inquiry whether Leitnaker in producing the cause of the terror was guilty of a want of such care as should have been used.

Paragraph 1 of the general charge, against which these complaints are directed, is as follows:

"1.  If the jury from preponderance in the testimony find that at and immediately before the time of the fall as alleged, by the order of Leitnaker, the general superintendent and in charge of the train, the plaintiff, Beatty, was engaged at work standing upon the bridge cap as alleged —a place not really or apparently dangerous—and that while Beatty was so standing on the bridge cap the train of the defendant, under the direct control of Leitnaker, was moved forward and in part passed Beatty, and that said movement of the train was unexpected by Beatty and did make his position apparently dangerous, and that in moving said train forward there was on the part of Leitnaker a failure to take such care for the safety of Beatty as an ordinary man would use under like circumstances, and that at the time, while having and using such presence of mind, forethought, and care as an ordinary business man in like circumstances,

real and apparent, would use, the plaintiff became frightened and ex-cited and for his safety sought to enter the passenger coach in the said train, and in such attempt to enter he was thrown from the cap and fell to the ground at a distance such as to cause injury to the plaintiff, then they will find for the plaintiff such damages as were the natural and prox-imate effects of such injury looking to the testimony, including loss of time, mental and physical pain and suffering, and diminished capacity to earn wages, if shown by testimony."

In the case of The City of Austin v. Ritz, 72 Texas, 391, this court considered and passed upon the same objection to substantially the same charge from the same trial court as is here presented by the first ground of objection. In that case, as in this, a special charge was requested correctly defining the degree of care required to exonerate a defendant from liability for damages resulting from his conduct. In both cases the special charge was refused. We then held that the court erred in the charge given and in refusing the charge asked, and we think that decision is conclusive of the point now being considered. A man may be "ordinary" in stature, in personal appearance, or otherwise, and yet be utterly reckless and have no sense of prudence or caution, or he may be extraordinarily careful and prudent. Whether applied to the negli-gence of a defendant or the contributory negligence of a plaintiff, we be-lieve the correct definition of the degree of care to be exercised by either in determining whose negligence occasioned the injury is expressed in these words: Such care and caution as an ordinarily prudent person would exercise under similar circumstances. We think the court erred in the particular indicated by the first ground of objection and in refusing to give the special charge requested.

We do not think the charge is obnoxious to the second objection urged against it as being upon the weight of the evidence.

The language of the charge is: "If the jury from preponderance in the testimony find that * * * in moving said train forward there was on the part of Leitnaker a failure to take such care for the safety of Beatty as an ordinary man would use under like circumstances." Then follows in immediate connection the language upon which the objection is predicated, "and that at the time, while using such presence of mind, forethought, and care as an ordinary business man in like circumstances, real and apparent, would use, the plaintiff became frightened and ex-cited," etc.

We think by a reasonable and fair construction this part of the charge requires the jury to find from a preponderance of the testimony that at the time of the accident Beatty was using such presence of mind, fore-thought, etc. If moving the train forward while Beatty was on the bridge made his position there one of real danger, and this was done by appellant's vice-principal without the exercise of such care on his part

as an ordinarily prudent and cautious person would use under such circumstances, and appellee was injured in consequence of the danger to which he was thus subjected or in attempting to escape from the peril by the use of such means as an ordinarily prudent man would employ under like conditions, then appellant would be liable for the injuries. If, however, there was no want of proper caution or care on the part of Leitnaker in moving the train forward, and such movement did not in fact render appellee's position on the bridge one of peril but appellee believed himself in danger therefrom, and in attempting to get upon the passenger coach he was actuated by terror or fright produced by apparent danger, and received his injuries while thus attempting to escape from a situation not really dangerous but then appearing to him to be so, we think he would not be entitled to recover unless the surrounding facts and circumstances were such as were reasonably calculated to produce such terror and fright in the mind of an ordinarily thoughtful and self-possessed man engaged in such employment, and unless the means employed by him to escape the apparent danger were such as an ordinarily prudent man would use under like circumstances.

These are questions which should have been submitted to the jury by proper instructions from the court. It was proved that other men stood upon the cap from which Beatty fell while a train of cars of as great dimensions as those composing the train at the time of the accident passed them without injuring them in any way, and it was also shown that by sitting on the cap appellee would have been out of danger from a car of sufficient dimensions to have struck him standing up; and further, that by jumping four or five feet on to soft earth he could have gotten off of the bridge without any injury before the passenger coach reached him.

Under this state of facts we think the charge given was erroneous and that the court should have given the special charge requested embodying the main features of the third ground of objection to that part of the charge now being considered. We will not consider other errors complained of, as they will probably not arise upon another trial.

For the errors noticed we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted April 30, 1889.