## INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY V. WALLACE BELL.

### No. 6343.

1. **Care by Railway Company in Its Track, etc.**—The test of diligence required of a railway company in furnishing and maintaining proper appliances for the use of its employes is that of ordinary care.

2. **Ordinary Care** is such as an ordinarily prudent man would use under the circumstances.

3. **Same.**—It was error to give in charge as to the duty of railway companies the

following: "Railways are not bound to their employes to provide the best possible appliances, but they are bound only to supply such as are in common use by well managed railways, and which they have skillfully constructed and carefully maintain in repair. They are bound to furnish such appliances as are reasonably safe and suitable, such as a prudent man would furnish if his own life were exposed to danger that would result from unsuitable or unsafe appliances."

APPEAL from Travis.    Tried below before Hon. A. S. Walker.
The opinion states the case.

*Maxey & Fisher,* for appellant.—1.    Appliances furnished servant must be reasonably safe.  But master not an insurer.  Railway v. McCarthy, 64 Texas, 635; Railway v. Lyde, 57 Texas, 509; Wood on Mast. and Serv., secs. 344, 345; Rush v. Railway, 28 Am. and Eng. Ry. Cases, 488, *et seq.;* Railway v. Loudergan, 28 Am. and Eng. Ry. Cases, 494, *et seq.;* 23 Cent. Law Jour., 556; Wormell v. Railway, 25 Cent. Law Jour., 372, *et seq.*

Servant assumes usual and ordinary risks incident to the service, and must exercise ordinary care to inform himself of such risks and of the probable danger.    Railway v. Drew, 59 Texas, 11, 12; Railway v. Lempe, 59 Texas, 22, 23; Railway v. Conrad, 62 Texas, 628, 629; Railway v. Bradford, 66 Texas, 732; Gibson v. Railway, 63 N. Y., 453; Rush v. Railway, 28 Am. and Eng. Ry. Cases, 485, *et seq.;* Hathaway v. Railway, 51 Mich., 258, 259; 28 Id., 491, *et seq.;* 25 Cent. Law Jour., 372, *et seq.*

If servant have knowledge of defects in appliances, or equal means with master of acquiring such knowledge, and remain in the service without protest or objection and is injured, he can not recover.    59 Texas, 11, 12; 59 Id., 22, 23; 28 Am. and Eng. Ry. Cases, 491, *et seq.;* and see other authorities cited.

In cases of this character, servant must establish:    (1) that the appliance was defective; (2) that the master had notice thereof, or knowledge, or ought to have had; (3) that the servants did not know of the defect, and had not equal means of knowing with the master.    Railway v. Bradford, 66 Texas, 735; 25 Cent. Law Jour., 372, *et seq.;* 28 Am. and Eng. Ry. Cases, 491, *et seq.*

No recovery in cases of inevitable accident.    Hathaway v. Railway, 51 Mich., 257.

2.    The definition of ordinary care given by the court was erroneous. 4 Texas Law Rev., 57, 58; 64 Texas, 635; 28 Am. and Eng. Ry. Cases, 494, *et seq.;* 25 Cent. Law Jour., 372.

*John Dowell,* for appellee, cited Railway v. Redeker, 67 Texas, 181; Railway v. Hewett, 67 Texas, 479; Railway v. McAtee, 61 Texas, 696; Railway v. Pinto, 60 Texas, 517; Railway v. Oram, 49 Texas, 341; Railway v. Durham, 49 Texas, 181; Railway v. Wisenor, 66 Texas, 674; Railway v. Mallon, 65 Texas, 115.

ACKER, PRESIDING JUDGE.—Appellee was employed by appellant as switchman in its yard at Austin, and had been so employed for about nine months on the 3d day of June, 1886, when, on that day, while engaged in uncoupling cars, his foot became fastened between the guard rail and track rail, and he was run over by a car and received injuries that necessitated the amputation of his leg. This suit was brought to recover damages for the injury.

Appellee alleged in his petition that "owing to the insufficient manner in which the guard rail was constructed it prevented his foot from being withdrawn when accidentally inserted; that had said switch or place where the rails came together been properly supplied with a proper and sufficient guard in it, then his foot would not have been caught in it."

The defendant answered by general denial and special answer, setting up that its railroad was properly constructed of good material after the usual manner of constructing first-class railroads; that plaintiff was familiar and well acquainted with said railroad, guard rails, and switches at the place of the accident, and if there was any defect in the respect mentioned by plaintiff, or otherwise, he had full knowledge of such defects, or had equal means with defendant of discovering them, and continued in the performance of his duties without objection; and pleaded contributory negligence.

There was verdict and judgment for appellee for seven thousand two hundred and forty dollars. Paragraphs two and twelve of the charge given by the court are as follows:

"2. Railways are not bound to their employes to provide the best possible appliances, but they are bound only to supply such appliances as are in common use by well managed railways, and which they have skillfully constructed and carefully maintained in repair. They are bound to furnish such appliances as are reasonably safe and suitable, such as a prudent man would furnish if his own life were exposed to the danger that would result from unsuitable or unsafe appliances."

"12. If the track, switch, and guard, at the place of the injury, were in ordinarily good condition as to safety and fitness, as defined in section 2 of this charge, then the plaintiff can not recover."

It is urged that the court erred in giving these charges, because, while defendant was under obligations to use reasonable and ordinary care to furnish plaintiff with reasonably safe appliances for the performance of the duties of his employment, the duty extended no further, and the charge imposed a greater degree of care upon defendant than the law requires.

The language of the charge is peculiar, and while the learned judge who gave it may not have intended that it should be construed as requiring more than ordinary care on the part of defendant in furnishing ap-

pliances to plaintiff, it prescribes a novel test of diligence, which we think well calculated to mislead the jury.

It is believed to be settled beyond controversy that the test of diligence required of a railroad company in furnishing and maintaining proper appliances for the use of its employes, is that of ordinary care. Railway Co. v. Oram, 49 Texas, 341; Ry. Co. v. Lyde, 57 Texas, 509; Ry. Co. v. McCarthy, 64 Texas, 635; Pierce on Rys., 370; Wood on Mast. and Serv., secs. 344, 345.

Ordinary care is such care as an ordinarily prudent man would exercise under the circumstances. 49 Texas, 341; Ry. Co. v. Beatty, 73 Texas, 592.

Looking to the evidence as presented in the record before us, it seems probable that the jury may have been misled by the charges complained of, and we think the court erred in giving them. We are therefore of opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted November 5, 1889.