SOMMERVILLE, J.
Plaintiff was a passenger on a special of the defendant company, returning from Shreveport, on the way to Homer, when the accident occurred of which she complains, and for which she seeks a judgment sounding in damages against defendant company.
Defendant company is operated under a telegraph system, and on the night of the accident the train crew, and apparently the passengers as well, on arriving at Gibbsland on their way north, were told that a logging train had left Homer and was on the way south. After going as far as Athens and waiting for the log train beyond the ordinary time, and becoming convinced that the log train was in trouble somewhere on the road, the conductor and the son of plain *147 tiff proceeded up the track with a lantern so as to flag that train, and to thus notify the crew of trouble ahead, or of the approach of the special. After a reasonable length of time, the special slowly followed the conductor, going about as fast as a horse might walk, or at the rate of some three or four miles per hour. After proceeding a short distance, the crew of the special heard the engine of the log train whistle in answer to the signal of the conductor who had gone to flag it. Orders were immediately given to reverse the engine,' or to back up the special, which was done as speedily as practicable: and, while the train was in motion, plaintiff stepped, or was knocked, from the lowest step of the rear platform, and her ankle was injured.
The sole question in the case is, Who was at fault, plaintiff or defendant? .
The night was dark, the hour late, the progress slow, and a logging train approaching from the opposite direction on the same track with the special. A collision under the circumstances was inevitable, unless proper precautions were taken to avert it. There was no collision, because defendants’ employés took the necessary precautions to prevent it. Under the circumstances, the crew of the train and the passengers were uneasy and on their guard. There may have been some excitement on board the train. Plaintiff was evidently excited, or she would not have gone from the front of the car where she was standing to the rear platform to jump from the train. And we think that she was unduly excited, and that she was hurt through her own fault. Other women were on the train, but none of them jumped, although invited to do so by plaintiff. Some of them testified that they apprehended no danger, while one or more stood and looked in the direction of the log train. Some of the male passengers got off the train, but only one testified that he was scared. The train was in the care of the train dispatcher, who took charge when the conductor went ahead with a lantern to flag the log train. So that everything was done by defendant company to carry its passengers to their destination in safety as speedily as possible, and avoid accident. It was not at fault at any time. The log train had been stalled on a hill, on the route, but it was flagged in sufficient time to stop it some two hundred yards distant from the passenger train. And the passenger train stopped only about one minute before it began to back towards Athens, and was very soon entirely out of sight of the other train.
The judgment of the lower court is reversed and set aside, and plaintiff’s suit is dismissed at her costs.