No. 34,055

RENETTA H. ALLEN, *Appellant,* v. THE PEARCE DENTAL SUPPLY
COMPANY, *Appellee.*

(88 P. 2d 1057)

Opinion filed April 8, 1939.

*Claude I. Depew, W. E. Stanley, Lawrence Weigand, William C. Hook,
Sidney J. Brick* and *Lawrence Curfman,* all of Wichita, for the appellant.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris,
George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of
Wichita, for the appellee.

The opinion of the court was delivered by

HOCH, J.: This was an action to recover damages for injuries
alleged to have been caused by the negligent operation of defend-
ant's truck on November 18, 1936. At the conclusion of plaintiff's
testimony the court sustained defendant's demurrer to the evidence
and rendered judgment for the defendant. Motion for new trial was
overruled, and plaintiff appeals, contending that the trial court erred
in certain rulings and in sustaining the demurrer to the evidence.

Plaintiff was the only witness testifying as to the accident itself.
Other witnesses testified as to her injuries. The plaintiff testified
that she was walking south on the west side of Market street, in
Wichita, and saw a truck coming north on the opposite side of the
street; that she was then about in the center of the sidewalk and

starting across the alley; that when she had taken several steps from the curb she saw the truck turn west about three-fourths of the way across the street; that she became frightened, believing herself to be in imminent danger; that she turned around and ran to the north, fell on the sidewalk and was injured. She stated that she did not know just what caused her to fall. She was not struck by the truck. She testified that after she turned to go back she did not see the truck until she was picked up later, and at that time the truck was north of the alley with its wheels against the curb. On cross-examination she testified:

"I have never driven a car of my own to amount to anything, and when I have driven there was someone else with me. Prior to this accident I went riding sometimes. I liked to keep away from automobiles. I read of so many accidents. I don't know that I ever had real fear of being struck with one. Not that I was under fear of automobiles, not in that way at all, but I have always felt that as I read of so many accidents that people are generally safer out of them than in them."

Upon motion of the defendant reference to section 10 of ordinance 10-376 was struck from the petition. That ordinance requires drivers to give a signal before making a turn. Since no facts were alleged in the petition which might tend to show that failure of the driver of the truck to give a signal before making the turn had any connection with plaintiff's injury, there was no error in striking a reference to the ordinance from the petition.

Section 37 of ordinance 11-598 made it unlawful for the driver of any motor vehicle operating within a certain district to make a left turn when coming out of or turning into an alley or private driveway. The defendant objected to the introduction of this ordinance on the ground that it had been repealed, that it bore no relation to the accident, and that it was a police regulation having no application to the case. As already stated, plaintiff testified that she saw the truck coming north on the other side of the street, that she saw it turn left and to the west, and that it was headed west when she became frightened. Whatever negligence may be imputed to the truck driver for making a left turn in violation of the ordinance, there was nothing shown to indicate that this in itself had anything to do with the fright of the plaintiff. She would have been in the same situation had the truck been coming out of the alley from the east and been proceeding westward across the street as in the case here. Since nothing was offered tending to show that the

making of the left turn on the other side of the street was the proximate cause of the injury, the refusal of the court to receive the ordinance in evidence does not constitute error.

Did the court err in sustaining defendant's demurrer to plaintiff's evidence? We do not think so. No evidence had been offered as to the width of Market street; no evidence that the truck was not equipped with proper brakes, or if so equipped, that the brakes were not properly used; nor was there testimony as to the speed of the truck or that it was being recklessly driven. The plaintiff testified that the truck was approaching "at a pretty fast clip," that it was coming "at a rate of speed according to my best judgment I thought I could not get across the alley," that "I knew I couldn't get across" and that the truck "did not have to drive very fast to hit me before I could get across." On objection of the defendant these statements were excluded. Since the appellant's notice of appeal does not specify the overruling of the motion for new trial and does not assign as error the exclusion of this testimony, the action of the court in excluding it is not before us for review. (*Hardman Lumber Co. v. Spitznaugle,* 130 Kan. 346, 286 Pac. 235.) The only other evidence concerning the speed of the truck was plaintiff's testimony:

"I wasn't half way across when I saw it the next time. . I saw him coming so quickly and I turned to go back to get out of the way as quickly as I could. Then I fell on the sidewalk. . . . I can't make a positive statement as to his distance from me, but as soon as I saw him coming fast I turned and did not see him after that."

There was no testimony that there were any marks on the pavement indicating sudden application of the brakes nor that the truck was not under control. On the contrary, it appears that the truck did not get into the alley crosswalk at all, but that after the plaintiff was injured by her fall the truck was standing with the wheels against the curb.

Appellant invokes the well-established rule that where a person is confronted by an emergency and must act quickly he cannot be held to strict accountability for failing to use the wisest and most judicious means of escaping injury. In order, however, for the injured person to recover damages under such circumstances, the fear suddenly aroused by the negligent act or conduct of another must have been a reasonable one which would naturally arise, under like circumstances, in the mind of an ordinarily prudent person.

(45 C. J. 965; *Woolery, Adm'r, v. The Louisville, New Albany and Chicago Railway Co.,* 107 Ind. 381, 8 N. E. 226; *Millers Creek R. Co. v. Barnett,* 159 Ky. 344, 167 S. W. 402; *Marsalis v. Louisiana & N. W. R. Co.,* 129 La. 146, 55 So. 744; *Carter v. Walker,* [Tex. Civ. App.] 165 S. W. 483; *Hall v. St. Louis-San Francisco Ry. Co.,* 240 S. W. 175; *Courier-Journal Job Printing Co. v. Haag,* 155 Ky. 248, 159 S. W. 789; *Kleiber v. The People's Ry. Co.,* 107 Mo. 240, 17 S. W. 946; *South Covington and Cincinnati Street Railway Company v. Ware,* 84 Ky. 267, 1 S. W. 493; *Stanley v. Helm,* 204 Mo. App. 159, 223 S. W. 125; *Ford v. Robinson Pettett Co.,* 23 Ky. Law Rep. 1654, 65 S. W. 793; *A. & N. W. Ry. Co. v. Beatty,* 73 Tex. 592, 11 S. W. 858.)

It could not be determined from the evidence how far the truck was from the plaintiff when it turned west, but it must have been a considerable distance from her. She testified that she was walking south in about the middle of the west sidewalk—which was "quite wide"—when she saw the truck coming north on the east side of the street; that after she had taken several steps in the alley cross-walk she saw the truck turn west on the other side of the street. No evidence had been offered from which a jury could have determined the speed of the truck after it turned west, and there was no evidence that it was being recklessly driven after it turned west nor that the driver did not have it under control. In the light of all the evidence we must conclude that no showing had been made that any negligent act of the defendant, if such negligence occurred, was the proximate cause of the plaintiff's injury, or that her belief that an emergency requiring quick action was based on the reasonable fear of an ordinarily prudent person.

The demurrer to the evidence was properly sustained. The judgment is affirmed.