EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
ALBERTO GONZÁLEZ, acusado y apelante.

*Número:* CR–62–32    *Resuelto:* 19 de octubre de 1962

*José Rafael Gelpí,* abogado del apelante; *J. B. Fernández
Badillo, Procurador General, y Genaro Marchand, Procurador
General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como
Presidente de Sala y los Jueces Asociados Señores Rigau y
Dávila.

PER CURIAM: El apelante fue convicto de violación de
la Ley 220 de 1948—33 L.P.R.A. sec. 1250—en su moda-
lidad menos grave.   Se alega que "tenía en su poder y ven-
dió 'tickets' o boletos de bolipool".   El acusado solicitó par-
ticulares para poder alegar.   Se le suministraron.   Entre
los detalles suministrados estaba el que el acusado suplía ma-
terial de bolita a otras personas para ser distribuido.   La
defensa alega que esta información suministrada por el Es-
tado convierte el delito en uno "felony" pues constituye una
violación de la sección 10 de la Ley de la Bolita, que castiga
el administrar una banca dedicada a ese juego.

No tiene razón el apelante. El acusado en la ocasión en que fue sorprendido violando la ley cometió dos violaciones. Una, le vendió un número al testigo que presentó el Estado. Otra, distribuyó material a otra persona. El Pueblo optó por imputarle el delito menos grave, *Pueblo* v. *Padilla*, 56 D.P.R. 144 (1940); *Pueblo* v. *Pérez*, 58 D.P.R. 539 (1941).

El apelante sostiene que no hay prueba de cómo se juega el "bolipool". Durante el juicio aconteció lo siguiente:

"HON. FISCAL: Se solicita del Tribunal que tome conocimiento en la forma que se juega en Puerto Rico el juego de la bolita o bolipool.

HON. JUEZ: La defensa, ¿alguna objeción?

LCDO. GELPÍ: No hay objeción.

HON. JUEZ: Se toma conocimiento judicial de cómo se juega el juego de la bolita en Puerto Rico." (T. de E. pág. 16.) ■

Como puede observarse a la proposición del fiscal de que se tomara conocimiento judicial de cómo se juega en Puerto Rico el juego de bolita o bolipool, la defensa no presentó objeción. El hecho de que el tribunal de instancia al resumir lo acordado no aludiera específicamente al bolipool carece de importancia. Además, es de conocimiento general de cómo se juegan en Puerto Rico los juegos proscritos por la Ley 220 de 1948, y de ello se puede tomar conocimiento judicial. ■

El acusado ataca la apreciación de la prueba que hizo el juez sentenciador. Sostiene que debió darle crédito a la coartada que pretendió establecer la defensa. Apunta contradicciones en la prueba del fiscal. La hemos examinado y nada hay que amerite alterar la apreciación que de ella hizo el tribunal de instancia. Las contradicciones en que incurrió el testigo del fiscal no justifican una revocación. Los hechos de este caso ocurrieron durante los primeros días del mes de febrero de 1961 y cuando el agente encubierto anotó en el sobre donde guardó el "ticket" que le compró al acusado apuntó 11 de febrero de 1960 cuando el año correcto es 1961. Este error carece de importancia, el testigo lo ex-

plicó y es de conocimiento general que al empezar un nuevo año se sigue por un tiempo haciendo referencia al año que acaba de pasar. La otra contradicción se refiere a que en el examen directo el testigo de cargo manifestó que fue en su cuarto que puso los "tickets" en el sobre y los marcó (T. de E. pág. 16), mientras que en el contrainterrogatorio dice que fue en una letrina de un cafetín. (T. de E. pág. 23.) Salvo esta contradicción, todo el otro testimonio del testigo queda incólume.

*Se confirmará la sentencia apelada que dictó el Tribunal Superior, Sala de Mayagüez, en 20 de junio de 1961.*