THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. FRANK VARGAS DOMÍNGUEZ, Defendant and Appellant.

No. Cr-62-177. Decided December 7, 1962.

R. *Hernández Colón* for appellant. *J. B. Fernández Badillo Solicitor General*, and *Juan A. Faría, Assistant Solicitor General*, for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM.

Frank Vargas Domínguez was charged with involuntary manslaughter consisting in operating a motor vehicle with such negligence, gross recklessness and lack of circumspection, at excessive speed, without slacking the same upon reaching an intersection and without blowing the horn, that it caused the vehicle to climb on the sidewalk and run over Perfecto Ruiz, producing injuries and contusions which caused his death. He was found guilty and appealed from the judgment sentencing him to serve six months in jail, assigning four errors which we analyze below:

1. It was assigned as error that appellant was sentenced in a way as to violate the provisions of the Constitution of the Commonwealth and of the United States which guarantee the equal protection of the laws, because the trial court permitted the district attorney to introduce evidence on facts not alleged in the information and which made the offense of involuntary manslaughter a violation of § 328 of the Penal Code, but without the benefit of the suspended sentence provided in that section. In support of this assignment of error, it is contended that the information does not contain

a statement of facts establishing the causal relation between the negligent acts charged and the death of the victim, and that it was improperly alleged that the act was maliciously committed. Lastly, there is raised the aforesaid constitutional question that appellant was deprived of the equal protection of the laws because the facts in a case such as this are punishable under two provisions of the Penal Code. It is alleged that under § 328 of that Code the defendant found guilty may avail himself of the benefits of the suspended sentence, while under the conviction of involuntary manslaughter he is punished with imprisonment in jail without being able to avail himself of such benefit, it being within the discretion of the district attorney to prosecute for either of them, which power is not governed by any norm by which this officer may be guided in choosing the provision under which to prosecute under circumstances such as those herein. It is alleged that the only interpretation of such sections "in order that the situation may be constitutional" is in the sense that the benefit of suspended sentence may be invoked in connection with the offenses specified in both sections.

The error assigned was not committed. The questions raised by appellant in support of the alleged error were considered in the cases of *People* v. *Padilla*, 56 P.R.R. 138 (1940); and *People* v. *Pérez*, 58 P.R.R. 542 (1941), where it was held that a single act may constitute a violation of different statutes; in such cases *The People* may choose to prosecute under any of them. In the case at bar, as in the case of *People* v. *Pérez, supra*, the information would be sufficient to charge the offense prescribed in § 328 of the Penal Code, but the district attorney could choose, as he did, to prosecute appellant for the offense of involuntary manslaughter. The fact that the penalty varies under each statute does not imply an unequal treatment under the constitutional provision on equal protection of the laws, since the classification of those offenses rests on a reasonable basis

which applies equally to all cases of either one nature or another. *People* v. *Avilés*, 54 P.R.R. 257 (1939). The information in the instant case charges the offense of involuntary manslaughter, and according to the allegations therein it is necessary to establish the collision of vehicles which constituted part of the chain of facts which led to manslaughter. The allegation of malice, although unnecessary, does not void the information. *Cf. People* v. *González, ante,* p. 237.

2, 3. It is contended that the trial court erred in instructing the jury that in the corresponding municipal ordinance none of the intersecting streets at the place of the collision are mentioned as principal avenues, when the fact is that Arenas Street, along which appellant was driving the vehicle, was a main street designated as a transit street, instead of León Street, so that appellant was not required to stop at the intersection, and the failure to so instruct the jury was prejudicial to appellant. This question was raised for the first time in the motion for a new trial which was denied. Since no appeal was taken from the denial of a new trial, we cannot entertain such question. *People* v. *Sánchez,* 79 P.R.R. 110 (1956). Furthermore, although the right of way in a public highway is a factor to be taken into account in determining the relative degree of care required of a driver of a vehicle, it is no less true that this does not imply that the operator should not exercise due care and circumspection upon reaching the intersection even if he has the right of way. *Rigot* v. *Conda,* 304 P.2d 629 (Colo. 1956). The right of way is not exclusive but relative. *Oliver et al.* v. *Taylor et al.,* 205 Pac. 746 (Wash. 1922). Where the violation of a municipal ordinance is not the proximate cause of an accident, the fact that the ordinance has not been admitted is not error. *Allen* v. *Pearce Dental Supply Co.,* 88 P.2d 1057 (Kan. 1939). In the instant case the proximate cause of the accident which gave rise to manslaughter was

the negligence, the lack of circumspection, and recklessness of appellant while operating a motor vehicle.

4. The last error assigned is that the verdict brought by the jury is manifestly contrary to the evidence. We have carefully examined the record of the witnesses' testimonies in this case as well as the analysis of the evidence made by appellant and the Solicitor General, and we reach the conclusion that the evidence is sufficient to support the conviction and that we should not disturb the weighing made by the jury. The judgment appealed from will therefore be affirmed.