EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
FRANK VARGAS DOMÍNGUEZ, acusado y apelante.

*Número:* CR–62–177    *Resuelto:* 7 de diciembre de 1962

R. *Hernández Colón*, abogado del apelante; *J. B. Fernández Badillo, Procurador General*, y *Juan A. Faría, Procurador General Auxiliar*, abogados de El Pueblo.

PER CURIAM: Se acusó a Frank Vargas Domínguez de homicidio involuntario consistente en manejar un vehículo de motor con tanta negligencia, imprudencia temeraria y falta de circunspección, a excesiva velocidad, sin reducirla al llegar a una intersección y sin tocar cláxon, que dio lugar a que el vehículo se subiera a una acera arrollando a Perfecto Ruiz, produciéndole golpes y contusiones que le causaron la muerte. Fue convicto, y apeló de la sentencia condenándolo a cumplir seis meses de cárcel, señalando cuatro errores que se analizan a continuación:

1. Se alega como error que el apelante fue sentenciado en forma que contraviene los preceptos de la Constitución del Estado Libre Asociado y la de los Estados Unidos que garantizan la igual protección de las leyes por razón de permitir el tribunal de instancia al fiscal presentar prueba de hechos no alegados en la acusación y que convertían la ofensa imputada de homicidio involuntario en uno de violación del Artículo 328 del Código Penal, pero sin el beneficio de la sentencia probatoria prevista en dicho Artículo 328. En apoyo de esta contención de error se arguye que la acusación no contiene una relación de hechos que establezca el nexo causal entre los actos de negligencia imputada y la muerte del perjudicado y que impropiamente se alegó que el acto fue cometido maliciosamente. Por último, se levanta la cuestión constitucional antes mencionada de que se privó al apelante de la igual protección de las leyes porque los hechos en un caso como éste son punibles bajo dos disposiciones del Código Penal. Se alega que bajo el Artículo 328 de dicho Código, el acusado convicto puede acogerse a los beneficios de la sentencia suspendida, mientras que bajo la convicción de ho-

micidio involuntario es castigado con pena de cárcel sin poder acogerse al referido beneficio, quedando al arbitrio del fiscal acusar por uno o el otro delito, no estando tal facultad gobernada por ninguna norma que guíe a este funcionario para seleccionar bajo cuál disposición ha de acusar en circunstancias como la de este caso. Se sostiene que la única forma de interpretar tales artículos "para que la situación resulte constitucional" es en el sentido de que el beneficio de sentencia suspendida pueda invocarse en relación con los delitos especificados en ambos artículos. ■■■

No se ha cometido el error señalado. Las cuestiones levantadas por el apelante en apoyo del alegado error fueron consideradas en los casos de *Pueblo* v. *Padilla*, 56 D.P.R. 144 (1940); y *Pueblo* v. *Pérez*, 58 D.P.R. 539 (1941), y se resolvió que un solo acto puede constituir una infracción de distintos estatutos; en semejantes casos *El Pueblo* puede optar por procesar bajo uno u otro estatuto. En el caso de autos, al igual que en el de *Pueblo* v. *Pérez*, supra, la acusación sería suficiente para imputar el delito prescrito a que se refiere el Artículo 328 del Código Penal, pero el fiscal podía elegir, como eligió, acusar al apelante del delito de homicidio involuntario. El hecho que la penalidad varíe de acuerdo con cada estatuto no implica un trato desigual bajo el precepto constitucional sobre igual protección de las leyes, pues la clasificación de los delitos aludidos descansa sobre una base razonable que se aplica por igual a todos los casos de una u otra naturaleza. *Pueblo* v. *Avilés*, 54 D.P.R. 272 (1939). La acusación en el presente caso imputa el delito de homicidio involuntario y bajo las alegaciones de la misma es propio probar el choque de vehículos que constituyó parte de la cadena de hechos que dieron lugar al homicidio. La alegación de malicia, aunque innecesaria, no vicia la acusación. Cfr. *Pueblo* v. *González*, 86 D.P.R. 250 (1962). ■■■

2-3. Se señala como error que el tribunal de instancia instruyó al jurado que en la ordenanza municipal correspondiente ninguna de las calles en la intersección donde ocu-

rrió el choque están mencionadas como avenidas principales cuando el hecho cierto es que la calle Arenas, por donde conducía su vehículo el apelante, era calle principal, declarada de tránsito, y no la calle León, de manera que el apelante no tenía obligación de parar en la intersección de ambas, y el no instruir así al jurado fue perjudicial al apelante. Esta cuestión fue planteada por primera vez en la moción de nuevo juicio que fue declarada sin lugar. Toda vez que no se apeló de la denegatoria de nuevo juicio, no podemos considerar la cuestión planteada. *Pueblo* v. *Sánchez*, 79 D.P.R. 116 (1956). Además, aunque el derecho de paso en una vía pública es un factor a ser considerado al determinar el grado relativo de cuidado a ser requerido de un conductor de vehículo, no es menos cierto que ello no implica que el conductor no deba ejercitar el debido cuidado y circunspección al llegar al cruce, a pesar de tener a su favor el derecho de paso. *Rigot* v. *Conda*, 304 P.2d 629 (Colo. 1956). El derecho de paso es un factor relativo y no exclusivo. *Oliver, et al.*, v. *Taylor, et. al.*, 205 P. 746 (Wash. 1922). Cuando la violación de una ordenanza municipal no es la causa próxima de un accidente no constituye error el que la ordenanza no haya sido admitida. *Allen* v. *Pearce Dental Supply Co.*, 88 P.2d 1057 (Kan. 1939). En el presente caso la causa próxima del accidente que dio lugar al homicidio fue la negligencia, la falta de circunspección y la imprudencia del apelante mientras conducía un vehículo de motor.

4. El último error señalado es que el veredicto rendido por el jurado es manifiestamente contrario a la prueba presentada. Hemos revisado cuidadosamente el récord de las declaraciones de los testigos en este caso y el análisis que de dicha prueba hacen el apelante y el Procurador General, y llegamos a la conclusión que la evidencia presentada es suficiente para sostener la convicción y que no debemos intervenir con la apreciación que de la misma hizo el jurado. *Por lo tanto, se confirmará la sentencia apelada.*