## RAILWAY EXPRESS AGENCY, Inc., et al. v. BRITTON.

No. 22799. Jan. 22, 1935.

Rehearing Denied April 16, 1935.

Rainey, Flynn, Green & Anderson, Potter & Potter, and M. M. Gibbens, for plaintiffs in error.

J. B. Moore, for defendant in error.

PER CURIAM. This action was instituted in the district court of Carter county May 27, 1930, by the defendant in error, J. H. Britton, against the plaintiffs in error, Railway Express Agency, Inc., and Gulf, Colorado & Santa Fe Railway Company, a corporation, to recover damages for personal injuries received by defendant in error while working as joint conductor and express messenger in unloading express packages from a train at Healdton, Okla., October 7, 1929. Hereinafter the parties will be designated as they appeared in the trial court.

The plaintiff was employed as conductor by defendant railway company, in charge of its branch line mixed train operating between Ardmore and Healdton, Okla., and as

express messenger by the defendant express company in handling of express shipments on that train. On the date in question practically all of the express shipments were interstate in character; that is, received for transportation in other states for delivery to stations on defendant railway company's line between Ardmore and Healdton. Plaintiff was unloading the express shipments at the Healdton station about 12:15 o'clock, p. m., October 7, 1929, and in carrying a package from the inside of the car to the doorway, caught one of his feet in a loose string or cord attached to one of the other express packages on the floor, or near the floor, and stumbled or fell to the floor of the car, receiving a sprained wrist. Tho defendants, in their answer, and at the trial, contended that plaintiff was engaged in interstate commerce, so that the action was governed by the Federal Employers' Liability Act; that plaintiff assumed the risk of an injury of the kind involved in this action, under said Employers' Liability Act, and that neither of the defendants was guilty of any primary negligence which would make them liable to plaintiff for his injury.

The trial resulted in a verdict in favor of the plaintiff for $1,250. Motion for new trial was filed by the defendants and overruled, and thereupon this appeal was prosecuted.

The principal question involved in this appeal is, whether the defendants, or either of them, were guilty of primary negligence causing the plaintiff's injuries.

The plaintiffs in error urge two propositions of law, viz.:

"Proposition 1. The true rule is that a master must exercise ordinary and reasonable care to provide a place of safety for its employees to work, but is not an insurer of the safety of its employees. There was no evidence establishing that the defendants, or either of them, had failed in such duty, and the defendants' demurrer to the plaintiff's evidence, and their requested instructions for verdict in their favor, should have been sustained.

"Proposition 2. The plaintiff was engaged in interstate commerce at the time of his injury and the rights and duties of the parties are governed by the Federal Employers' Liability Act (45 USCA, sections 51-59), as construed by the federal courts. Under the Federal Employers' Liability Act, the plaintiff assumed the risk of injury from a hazard such as is involved in this case."

The judgment is reversed for the reasons hereinafter set forth. The acts of negligence pleaded by plaintiff do not constitute actionable negligence.

Plaintiff did not plead as negligence the failure of defendants to equip said car with adequate lighting facilities. This act of negligence was proven over the objection of defendants. The trial court apparently labored under the impression that plaintiff had pleaded this as negligence, else it would not have instructed the jury that they had a right to take this fact into consideration in arriving at a verdict.

This court has held in negligence cases that where the petition alleges specific acts of negligence, evidence tending to prove other negligent acts not alleged is not admissible. Mo., O. & G. Ry. Co. v. Adams, 52 Okla. 557, 153 P. 200; St. Louis- S. F. Ry. Co. v. Simmons, 120 Okla. 75, 250 P. 510.

This court has also held that to entitle plaintiff to recover damages in an action for negligence, he has the burden of proving, by preponderance of the evidence, negligence of defendant, and that the evidence alleged and proven was the proximate cause of his injury. Lusk v. White, 58 Okla. 773, 161 P. 541; Armstrong v. City of Tulsa, 102 Okla. 49, 226 P. 560; C., R. I. & P. Ry. Co. v. Duran, 38 Okla. 719, 134 P. 876.

Evidence of lack of adequate lighting facilities should have been permitted to go to jury if properly pleaded.

The trial court, therefore, erred in submitting this issue of fact to the jury in the absence of such acts being pleaded as negligence.

Since this case must be reversed for the reason assigned above, we do not consider it necessary to pass on the legal question involved in proposition 2.

For the error pointed out, the judgment is reversed for further proceedings not inconsistent with the views herein expressed.

The Supreme Court acknowledges the aid of Attorneys J. C. Cornett, Wm. S. Hamilton, and D. E. Johnson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appoined by the Judicial Council, and approved by the Supreme Court. Upon consideration of the cause, Mr. Hamilton certified his disqualification and did not participate. After the analysis of law and

facts was prepared by Mr. Cornett and approved by Mr. Johnson, the cause was assigned to a justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.