### MATHERS v. YOUNGER, Adm'x.

No. 26435. March 31, 1936.

Rehearing Denied June 23, 1936.

Henry S. Johnston for plaintiff in error.

Wm. M. Bowles, for defendant in error.

PER CURIAM. Josie B. Mathers, the plaintiff in error, brought suit against Lulu B. Younger, administratrix of the estate of George R. Beyers, deceased, to recover damages for personal injuries. The case was called for trial and testimony introduced by the plaintiff. The defendant in error interposed a demurrer to the evidence, which was sustained and the cause dismissed. A motion for a new trial was filed by the plaintiff, which was overruled, exception taken, and an appeal perfected to this court.

The parties will be designated as they appeared in the court below, plaintiff and defendant.

The petition filed by the plaintiff, in substance, alleges that the plaintiff at the time of filing the suit and at the time of the alleged injuries, was a resident of Noble county, and that George R. Beyers during his lifetime was also a resident of Noble county, and that Lulu B. Younger, one of his daughters, is the administratrix of the estate of George R. Beyers, deceased. That said George R. Beyers was a semi-invalid and that the plaintiff was employed by the said George R. Beyers at the time of the alleged injuries, to perform the following services at his home:

"Keeping house, cooking and serving his meals, caring for him and administering to the numerous small wants that a man of broken health and advanced age would naturally require and that in the course there-

of she was to and did receive a small wage in such capacity."

She states that about the 1st of May, 1934, the said George R. Beyers, attended by the plaintiff, made a trip from his residence, a distance of about nine or ten blocks, to the Long Bell Lumber Company in the city of Perry, and transacted some business of minor importance to the said George R. Beyers, deceased, and that the said George R. Beyers, deceased, was driving a Nash coupe in which the plaintiff and he were riding. She alleges that at the place of business of the Long Bell Lumber Company, the said George R. Beyers stopped his car and transacted some business with said lumber company, the nature of which is to her unknown; that he re-entered the automobile and started the car and traveled towards his home, and proceeded less than a block from the place of business of the lumber company when the injury to the plaintiff occurred.

She charges in her petition negligence as follows:

"That when said George R. Beyers had stopped at the said lumber yard, whether necessary or not, this plaintiff does not know, but in fact he had set the emergency brake upon said automobile and that upon re-entering the same and starting northward, the said George R. Beyers negligently and carelessly proceeded to move said car northward without releasing or removing the brake so set by him, but left the same set and in starting the car in motion, carelessly and negligently ran it forward with the emergency brake set and drove approximately but something less than one block, and that said car filled with fumes and smoke and the smell of burning substance until it became suffocating and nauseating and said George R. Beyers pronounced the car as being afire and brought said car approximately to a stop and that by reason thereof this plaintiff was thrown into great fear and alarm and believed that a sudden escape therefrom was necessary to her safety and preservation and opened the door on the east or right-hand side of said car to alight therefrom and this plaintiff in said spell of fear and alarm and in the belief that her life was being hazarded and that said car would be immediately burned up or perhaps an explosion of gasoline might occur therein, attempted to leap and escape from the car, and while she was so attempting to do, the said George R. Beyers did further negligently and carelessly step on the accelerator and did cause said automobile to suddenly lurch forward with great force and violence, and in so doing, it jerked the feet of this plaintiff out from under her and caused her to take an unexpected plunge at, upon and against

the ground and to throw her in a whirling motion from the running board and violently at, upon and against the ground at the right-hand or east side of said automobile.

"That the apparent necessity for this plaintiff to escape from said automobile, together with the sudden slowing down of the same and the sudden forward lurch, all caused by the negligence of the said George R. Beyers, caused this plaintiff to be thrown therefrom and sprawled upon the ground in an angular and whirling motion as aforesaid in such manner that she was thrown upon the left hip in an inclined position, whereby she was not only bruised but seriously wrenched and twisted in the left hip, the left knee, the left ankle and the attachments in the small of the back, connecting the hip with the back and that the same were bruised, wrenched, twisted and sprained and this plaintiff suffered a violent twisting, wrenching, injury and strain to the left ankle joint, the knee and knee joint, the hip and hip joint and the connecting ligaments, muscles and attachments of each of the same and also of the hip and of the spine and back and the attachments thereto and thereof"

—and prays for a judgment to compensate her for the injuries sustained.

The defendant filed an answer, which consisted of a general denial, and pleaded contributory negligence. Plaintiff filed her reply, which consisted of a general denial.

Upon these issues the cause was called for trial. At the close of the testimony for the plaintiff, the following demurrer was interposed by the defendant:

"Comes now the defendant and demurs to the evidence offered by the plaintiff on the ground and for the reason that the evidence fails to establish a cause of action as alleged in plaintiff's petition in favor of the plaintiff and against the defendant, or even tends to establish a cause of action."

The demurrer was sustained and the cause dismissed. It will be observed by the petition that it is alleged that George R. Beyers was a semi-invalid due to age and ill health, and that he needed and required an attendant to be in the home and to give him such personal attention as he needed in the following particulars: (1) Keeping the house; (2) cooking and preparing and serving meals; (3) supervising and attending to household affairs; and that the plaintiff alleges that she was employed to perform such services, and was in the employ of the said George R. Beyers at the time she alleges she sustained the injuries.

She alleges that on the date of the injury, she made a trip with said George R. Beyers

from his residence to the Long Bell Lumber Company, and that the said George K. Beyers transacted some minor business of importance to him. the nature and character of which is unknown. She alleges that he set the emergency brake at the time he went to the place of business of the lumber company, but aleges that she does not know whether it was necessary or not. She alleges that as he returned he negligently left the brake set as he started away and traveled less than a block when the car was filled with fumes and smoke, and that both she and the said George R. Beyers believed the car to be on fire, and that she attempted to leave the car, and while she was attempting to leave the car and was partially out of the car, the said George R. Beyers negligently stepped on the accelerator and caused the car to lurch forward and caused her to fall from the car.

The plaintiff alleges a number of errors in her petition in error. The third and fourth assignments of error are argued first in the brief and they are as follows:

"3. The court erred in sustaining the demurrer to the evidence of this plaintiff in error and in dismissing the plaintiff's cause of action and rendering judgment against her in favor of the defendant in error.

"4. That the court erred in withdrawing the cause from the consideration of the jury and in not submitting the same to the jury, nor permitting the jury to pass on the evidence at the trial."

It will be unnecessary to notice the other assignments of error, as the passing upon these two assignments is decisive of the case.

1. Did the court err in sustaining the demurrer to the evidence of the plaintiff and dismissing the plaintiff's cause of action and rendering judgment against her in favor of the defendant?

It will be necessary to take up the testimony in detail in its most favorable light to the plaintiff. It became necessary under the allegations of the petition to show that the plaintiff at the time of the injury was in the employ of the said George R. Beyers deceased. The plaintiff was an incompetent witness to establish this fact unless her competency was waived by the defendant, as it appears was conceded by counsel for both parties. However, she was introduced as a witness and was permitted to testify as follows:

"Q. Up to May 1st state your earnings prior to May 1st, about what would it be a month or week? Mr. Bowles: Same objection incompetent, irrelevant and immaterial. Court: Overruled. Exception allowed. A. From $2.50 to $5 a week."

On cross-examination by defendant's counsel, the following testimony was given:

"Q. What was Mr. Beyers paying you? A. Shall I answer? By the Court: Yes. A. He was paying me—some weeks $2.50, and some weeks $5."

The only other testimony in reference to employment by the plaintiff by George R. Beyers, deceased, is found in the testimony of the witness Opal Hineman, which follows:

"O. Mrs. Hineman, were you living in the neighborhood of George Beyers in the latter part of his lifetime? A. Next door. Q. Were you there at the place occasionally? A. Most every day. We were good neighbors. Q. During the last months—last three or four months of his life you mean to say you were there about every day? A. We moved in March, next door. Q. From then on were you there every day? A. Up until he died. Q. Did you know Mrs. Mathers? A. Not until then. Q. You got acquainted when you moved up there. Did you see her practically every day? A. Yes, most every day. Q. Were you ever at the house? A. Yes, sir. Q. How was she as to appearance and flesh? A. She was in a better condition then than she is now or has been since the accident. Q. How was she as to activity—what was she doing? A. Keeping house. Q. What did that comprise? A. Keeping house. Q. Could she do that? A. All but the heavy wash. It was sent out. but all the other work, she was doing."

This comprises all the material evidence that the record discloses as to the employment of the plaintiff by the defendant, and as to the character of her duties. It will be noted that there is no testimony as to any contract of employment or the character of duties that she was to perform under such contract. However, it could be inferred that the plaintiff was in the employ of George R. Beyers as a housekeeper and that she was paid from $2.50 to $5 per week. There was nothing in the testimony to indicate that she had any other duties to perform except that of general housekeeper, except the latter part of the testimony of Opal Hineman, which is as follows:

"Q. She kept a bell in the window? A. If she rang it, she wanted me to come. Q. Did she ring the bell that morning? A. Yes, sir. Q. And you went in? A. Mother and I went over."

This is all the testimony offered by plaintiff in support of her petition as to the character of her employment by George R. Beyers, deceased.

The only testimony in the record to support the allegations of negligence from which

it is claimed the injuries occurred is in the testimony of Lenora McNeal, who the testimony discloses was an office girl in the office of Dr. B. A. Owens, who treated the injuries of the plaintiff. She testified that on or about the 16th of May, 1934, Mrs. Mathers, accompanied by Mr. Beyers, came to the office of Dr. Owens, and the testimony is as follows:

"Q. Just state what occurred that morning. Who came in? A. It was in the afternoon, about 2 o'clock. Mr. Beyers and Mrs. Mathers. He brought Mrs. Mathers up to the office and no one was in the office except Dr. Owens. Q. You used the word 'he'? A. Mr. Beyers. Mrs. Mathers went to Dr. Owens' private office and Mr. Beyers and I stayed in the waiting room. Q. All right. Did you have a conversation with Mr. Beyers about Mrs. Mathers at that time? A. I did Q. You may state what the conversation was and who was present. A. There wasn't so very much. Mr. Beyers read magazines most of the time. He said they had driven to the Long Bell Lumber Company and he had left the emergency brake on the car and they thought the car was on fire and Mrs. Mathers in getting out—the car lurched forward and she fell and hurt her hip, and he didn't think it was very bad and they didn't come to the Doctor right away and it didn't get better and he brought her up and whatever it was, he would pay the bill and told the Doctor to take care of her."

On cross-examination the following questions were asked and answered:

"Q. Now, tell this jury again, please, what he told you in the office, the first conversation you had with him? A. He told me he had driven to the Long Bell Lumber Company and left the emergency brake on the car and the car filled with smoke and when he started off, I don't know how, but while he was getting the car stopped she got out and fell. Q. Did he tell you he told her to jump? A. No, sir. Q. Or that he knew she was going to get out? A. He said the car was smoking. I don't blame her."

Wayne Proctor testified as follows:

"Q. Now, did you know George Beyers in his lifetime? A. Yes, sir; for about two and one-half years before his death. Q. Couple of years or more. You may state if within a few days after May 1, 1934 this last first of May, he was in your place of business in the City Pharmacy? A. I don't know just exactly the time, but about that time. Q. You heard of his death? A. Yes, sir. Q. And knew of that? A. Yes, sir. Q. A short time prior to his death? A. Probably ten days or such a matter. Q. At that time did he tell you about Mrs. Mathers getting injured? A. Yes, sir, he did. Q. State what he said to you in reference to that? A. As well as I

recall, he stated that he was—I believe at one of the lumber yards and as he was driving up the street his car seemingly caught on fire and there was considerable smoke and he was excited and so was Mrs. Mathers and she was attempting to get out and he discovered that his brakes were locked and he released them and as the car lurched forward, she fell on the pavement."

This testimony is the only testimony of any character offered by the plaintiff to sustain the allegations of her petition.

Our court has held upon a number of occasions that in actions for damages for personal injuries, when the petition contains general allegations followed by averment of specific acts of negligence directly contributing to the cause of the injury, the plaintiff is confined to the acts of negligence specifically alleged. St. Louis-S. F. R. Co. v. Simmons, 120 Okla. 75, 250 P. 510.

In Gulf, C. & S. Ry. Co. v. Harpole, 111 Okla. 301, 239 P. 609, in the second paragraph of the syllabus the court lays down the rule as follows:

"Where plaintiff seeks to recover for damages suffered by reason of defendant's negligence, and the acts of negligence are specifically set forth in the petition, the burden of proving the negligence as alleged is upon the plaintiff, and where plaintiff's testimony fails to reasonably sustain the allegations of the petition, or raise a presumption of fact from which a jury could reasonably draw an inference of negligence, a verdict for plaintiff must be reversed."

In the body of the opinion the court, in passing upon the question, states:

"The only evidence offered to prove negligence as alleged was the plaintiff's own testimony, and the same wholly fails to prove the allegations of negligence or raise any presumption of fact from which a jury could reasonably draw an inference of negligence, and having alleged the defendant's agents, servants or employees could have stopped the train after coming around the curve and coming in sight of the automobile, the burden of proving the same was on the plaintiff, and the jury is not permitted to surmise or conjecture what might have been done, and eliminating all evidence of the defendant, and considering only the evidence of the plaintiff, the verdict rendered could only be reached by surmise or conjecture and not by the evidence."

The plaintiff's petition alleges that she was in the employ of George R. Beyers for the purpose of performing certain specific duties and services. There is nothing in the testimony, as we view it, by which it might be inferred that it was her duty to accompany

George R. Beyers in her capacity of employment on any automobile trip that he might take about his business. The testimony wholly fails to establish what her mission was at the time of the c'aimed injury, and, consequently, there is nothing to establish the duty that was incumbent on George R. Beyers toward her at the time she sustained the injury of which she complains.

Assuming, for the sake of argument only, that the plaintiff at the time of the alleged injury was a servant of George R. Beyers, deceased, and it was his duty to exercise ordinary care to furnish her with a reasonab'y safe place in which to work, or assuming that at the time of the alleged injury she was merely an invitee or licensee, and by reason thereof he owed to her different duties; she would be required to allege and prove the acts of negligence which she claims resulted in her injury. Her petition alleges, in fact, while she was riding in the car, the said George R. Beyers stopped at a business establishment, set his emergency brake, went in and attended to some business and returned and started the car without releasing the brake. That this caused the car to smoke and caused her and the said George R. Beyers to apprehend the car was on fire, which then caused her to become frightened and attempt to leave the car while it was moving. She alleges that at the time she attempted to leave the car the said George R. Beyers negligently and carelessly stepped on the accelerator of the car and caused it to lurch forward.

The proof does not bear out the allegations of her petition. It merely disc'oses that sometime on the trip smoke began to come into the car and both the driver and the plaintiff feared the car was on fire; that the driver, George R. Beyers, immediately did the necessary, prudent and ordinary thing under a situation of the same character by releasing the brake; that if the plaintiff had remained seated, she would not have been injured. This leads us to the inquiry: If the p'aintiff was injured, what was the proximate cause of the injury?

In the case of Toombs v. Cummings, 151 Okla. 166, 3 P. (2d) 177, this court lays down the rule of proximate cause as follows:

"The 'proximate cause' of an event must be understood to be that which, in the natural and continuous sequence, unbroken by an independent cause produces that event, and without which that event would not have occurred." Lusk v. Pugh, 71 Okla. 182, 159 P. 855.

Chicago, R. I. & P. Ry. Co. v. Nagle, 55 Okla. 235, 154 P. 667, the court lays down the rule as follows:

"In order that an act of negligence may be deemed the proximate cause of an injury, it must be such that a person of ordinary intelligence would have foreseen that the injury was liable to be produced in the act.

"Negligence must be shown by evidence. Proof of injury is not proof of negligence. The evidence, to justify a finding of negligence, must show a breach of duty on the part of the defendant, such that a reasonable person should have foreseen would as a natural consequence cause an injury; not necessarily would probably cause an injury in the sense of more likely to cause an injury than not, but the likelihood must be such that a reasonable person could foresee that injury would result in the ordinary course of things—that injury was one of the probable results and likely to happen. A mere possibility of the injury is not sufficient, where a reasonable man would not consider injury likely to result from the act as one of its ordinary and probable results."

Measured by these authorities, would the mere fact that George R. Beyers, deceased, neglected to release his emergency brake before he started his car, in the natural and continuous sequence not broken by any independent cause, produce the injury comp'ained of by the plaintiff? We are at a loss to see how he could have anticipated any such result by the remotest anticipation upon his part. In the authority just quoted, the eighth paragraph of the syllabus is as follows:

"The test of whether an act was the remote or proximate cause of the injury complained of is whether the injury was one to be anticipated."

Could it be anticipated that the mere fact that the brake bands on an automobile on account of the failure to release them would create smoke in the car of sufficient quantity that it would so frighten an occupant of the car that she would attempt to leave the car whi'e in motion, and that in attempting to leave the car the release of the brakes by the driver would hurl the occupant to the ground? Or that in the natural and continuous sequence unbroken by any independent cause would be produced by the failure to release the emergency brake at the time of starting the car?

We are inclined to think not. Of course, it is conceivable to understand that if the driver of the car, regardless of what legal situation or status the plaintiff occupied, should drive the car with the emergency brake set, and in so driving it wou'd cause smoke of such volume to come up into the

car as to frighten the occupant and cause the occupant to become terror-stricken and attempt to leave the moving car, and then in addition to all this, instead of exercising ordinary care to relieve the situation, would step on the accelerator, as a.leged by the plaintiff in her petition, then we believe that the plaintiff could complain that ordinary care had not been exercised, and that her injury resulted from the fai·ure to exercise ordinary care in the situation. The testimony in this case does not disclose such a situation, but the driver did what any ordinary prudent person would have done under like or similar circumstances and this, in our judgment, is not negligence.

We believe that the demurrer to the evidence was properly sustained and that the judgment of the lower court in sustaining the same and dismissing the action should be affirmed. This being our opinion, it is not necessary to pass upon the other assignments of error.

The judgment of the district court in sustaining the demurrer to plaintiff's evidence is affirmed.

The Supreme Court acknowledges the aid of Attorneys John W. Hayson, Wallace Robertson and Bruno H. Mil'er in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hayson, and approved by Mr. Robertson and Mr. Mil'er the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL. C. J.. OSBORN, V. C. J., and BUSBY, PHELPS, and CORN. JJ., concur.