CONNER et ux. v. ANDERSON-KERR DRILLING CO. et al.

No. 30191. Dec. 2, 1941.

*123 P. 2d 279.*

14

Leslie L. Conner, P. J. Demopolos, and Frank C. Crouch, all of Oklahoma City, for plaintiffs in error.

Stanley B. Catlett and Robert Burns, both of Oklahoma City, for defendants in error.

HURST, J. This is an action by plaintiffs, Charles W. Conner and his wife, Edna Conner, for damages to their residence in Oklahoma City, alleged to have been caused by the drilling of an oil well on adjacent property by defendants. From a judgment on the verdict for defendants, plaintiffs appeal.

The well of which plaintiffs complain was drilled on property across the street from the residence of plaintiffs. Plaintiffs alleged that by the drilling thereof the value of their property had been depreciated in the sum of $2,999. Defendants in their answer denied generally the allegations of the petition, alleged that the property was zoned for drilling, and that their operations were lawful, and further alleged that if plaintiffs' property had been damaged and reduced in value, same was due to the drilling of other wells in the vicinity, some of which were drilled under a lease executed by plaintiffs, and that their drilling operations were carried on in compliance with the zoning and other ordinances of Oklahoma City. The evidence adduced by plaintiffs tended to show that the vibration attending the drilling of the well by defendants cracked the plaster and walls of their house, and that in addition thereto the construction of defendants' derrick and tanks across the street presented an unsightly appearance which injuriously affected the value and peaceable enjoyment of their property. Defendants proved that a permit for the drilling of the well had been duly issued by the city, and that there were numerous wells in the vicinity. Over the objection of plaintiffs, the defendants were permitted to show that a well had been drilled on the block in which plaintiffs lived, under a lease executed by the lot owners in said block, including plaintiffs, and that plaintiffs had sold the royalty under their lot, and the amount of money received by plaintiffs from these transactions.

Plaintiffs make three contentions: (1) That the trial court erred in permitting defendants to file pleadings and introduce evidence showing that plaintiffs had leased their property for oil and gas mining purposes, and the money they had received thereby; (2) that the trial court erred in refusing to permit them to prove loss of diminution of value by reason of the storage of oil in tanks adjacent to plaintiffs' property, and the loss of the peaceable use and enjoyment of their home as an element of damage; and (3) that the trial court erred in instructing the jury that plain-

tiffs must prove by evidence all the elements of damage alleged, but refused to permit them to prove such elements. We will dispose of these contentions in the order stated.

1. In connection with their first contention plaintiffs argue that the fact that they leased their property to another company and sold their royalty, and received a consideration in connection with said transactions, is immaterial, as it could not be considered as mitigating or offsetting the damages sustained by them by reason of the acts of defendants. But the evidence of which plaintiffs complain was not offered as tending to mitigate or offset the damages sustained, but on the theory that the reduction in value of which they complained was due to their acts in so leasing and selling the mineral rights, and to the fact that numerous wells were drilled in that vicinity, rather than to the drilling of the well by defendants. The evidence of witnesses produced by plaintiffs was that before the oil wells were drilled in that vicinity the value of plaintiffs' property was from $5,000 to $5,500, and that after a number of wells, including that of defendants, had been brought in, the value dropped to $3,000 or $3,500. Some of the witnesses indicated that in their opinion the sale of the oil rights would reduce the value of the property. Plaintiffs testified that for the lease and royalty they received $2,800, or possibly more, as in addition to the stated amount the lease signed by plaintiffs provided for a bonus of $800 out of the oil produced from the well on the block, which bonus the plaintiffs did not deny they received, although they would not admit receiving it. Defendants contend that the jury was entitled to consider the amounts received, which represented the value of the oil rights in plaintiffs' property, in connection with the reduction in value testified to by plaintiffs' witnesses, in order to correctly determine whether all or a part of the depreciation in value was due to the sale of such mineral rights and interests, or whether such depreciation resulted from the drilling of the well by defendants. We think the evidence was relevant and material and the trial court properly admitted it, as tending to prove the cause of all or a part of the depreciation, and not to mitigate the damages.

2. The second contention arises from the refusal of the trial court to permit plaintiffs to prove the discomfort and annoyance suffered by them due to escaping fumes from the well and tanks of defendants, by which plaintiffs contend they were deprived of the use and enjoyment of their home. The petition of plaintiffs alleged specific acts of the defendants which they alleged caused them discomfort and annoyance, and resulted in a reduction in the value of their property, such as vibration, driving of heavily loaded trucks over their property, moving of heavy machinery, building a derrick, erecting tanks, laying pipe lines, and moving in and using large steam boilers. They did not allege damage or reduction in value due to oil or gas fumes. Having alleged the specific acts of defendants to which they attributed their damage, they were precluded from producing evidence of other unrelated causes of injury. St. Louis & S. F. Ry. Co. v. Simmons, 120 Okla. 75, 250 P. 510; Railway Express Co. v. Britton, 171 Okla. 580, 43 P. 2d 119; Turner v. Cox, 138 Okla. 225, 280 P. 568; Chambers v. Van Wagner, 32 Okla. 774, 123 P. 1117; 49 C. J. 804; 21 R.C.L. 603.

There being no allegations in plaintiffs' pleadings upon which such proof was admissible, the refusal to permit its introduction was not error.

3. Plaintiffs' third contention is based upon the fact that the trial court, while refusing to permit them to introduce evidence of loss of enjoyment of their home due to fumes from the well and tanks, instructed the jury that they could recover for the loss of the use and enjoyment of their home if they proved that same was due to the acts of defendants. The trial court evidently intended to confine the right to recover for

loss of peaceable use and enjoyment of their home caused by the noise, vibration, and other causes specifically alleged in plaintiffs' petition. There being no allegation in the petition as to fumes from the well or tanks, the court, under the authorities above cited, properly refused to admit evidence thereof as an element of loss of use or enjoyment of the property.

Affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. RILEY and ARNOLD, JJ., absent.