**MIDLAND VALLEY RAILROAD COMPANY, a corporation, Plaintiff in Error,**

v.

**J. A. MASON, Defendant in Error.**

No. 39550.

Supreme Court of Oklahoma.

May 29, 1962.

James D. Gibson, W. M. Roberts, Musk-ogee, Alpheus Varner, Poteau, for plaintiff in error.

Thomas G. Smith, Purcell, Robert K. Blood, Stigler, for defendant in error.

BERRY, Justice.

This litigation resulted from a highway mishap occurring to a motorist near a railway crossing. The material facts are not in dispute. Midland Valley Railroad Com-

pany, a corporation, operates between Stigler, Oklahoma, and Fort Smith, Arkansas, a single-track line which, at a point approximately two miles west of Keota, Oklahoma, stretches from the northwest towards southeast and intersects with State Highway # 9 at a fairly sharp angle. The highway runs east and west and the paved roadway is twenty feet wide. At its western approach the railroad crossing is guarded by an electro-magnetic flasher-type signal light which is mounted upon a steel post, 15 feet west of the track and nearly 3 feet south of the paved roadway. Several hundred feet west of the track the approach to the crossing is marked by a highway warning sign. Motorists proceeding from the west have a rather limited view up and down the track  Their range of vision to the north is a little better than to the south.

On August 1, 1958, at approximately 8:00 o'clock in the morning, J. A. Mason, plaintiff below, was driving his pickup truck eastward on Highway #9. Some distance west of the railroad crossing he slowed down at a curve and reduced his speed to about 30–35 miles an hour. On reaching a point about three-tenths of a mile west of the crossing Mason first noticed the signal lights flashing. He continued at the same speed until the lights quit flashing. At that moment he was about two-tenths of a mile from the tracks. Although he did not see a train pass over the crossing, he "thought it was all clear" and accelerated the speed to approximately 45 or 50 miles an hour. When he approached at that rate of speed to a point about 50 to 60 feet from the track, the signal lights "flicked on" again "all of a sudden", and the warning bell began ringing. Thinking the train was "on him", Mason "automatically" stepped on the brakes. The highway had been freshly oiled and was "real slick". It was also wet in spots from a recent rain. Mason lost control of his vehicle which skidded southward and off the paved roadway. The vehicle struck and knocked down the railroad signal post and then came to rest in a bar ditch west of the track. So far as the record discloses, no train passed over the crossing at the time or shortly after this accident.

Mason instituted the present action to recover from the railroad for bodily injuries and damage to the pickup truck resulting from the mishap as outlined. Judgment was entered below upon a jury verdict in his favor and the railroad appeals. The parties will be referred to by their designation below, or as "railroad" and "motorist".

Although several propositions are urged for reversal, the decisive issue presented for our consideration is whether the evidence is sufficient to show all the essential elements of actionable negligence.

It is not disputed, and the record amply discloses, that during some period of time (variously estimated from 12 hours to one week) prior to this accident, the signal light would become activated although no train was over or approaching the crossing. Some of the witnesses related that the signal lights were flashing continuously, while others said that they were intermittent. Plaintiff's theory of liability was predicated solely on negligence in permitting an erratic operation of the crossing signal which, it is asserted, was "uncertain, unreliable and unpredictable" and "invited" his unexpected, sudden and unwarranted response.

Before an act will be deemed to be the proximate cause of an injury, it must be shown that a person of ordinary intelligence would have anticipated or foreseen that injury was apt to be produced thereby. See cases cited following ⊕No. 59, "Negligence", Vol. II, West's Okla. Dig.

In Atchison, T. & S. F. Ry. Co. et al. v. Kennard, 199 Okl. 1, 181 P.2d 234, liability against the railroad was sought to be predicated upon its knowledge that a tunnel was being dug under a section of its track; being charged with such knowledge, the railroad should have run its trains slowly as they approached and passed the tunnel

and should have given warning to those working on the tunnel; that railroad's failure so to do constituted negligence; that plaintiff's decedent had been working on the tunnel, and upon becoming aware of an approaching train, he attempted to warn his fellow employees, because of which he was placed in peril and was struck by the engine as a result of railway's negligence. The alleged cause of the fatal injury was that, after warning his co-workers, decedent assumed a position so close to the track that a cylinder of the locomotive struck him. The railway company appealed from judgment in favor of the plaintiff. In reversing the judgment, the court said at pp. 238 and 239 of 181 P.2d:

> "Ordinary care is that degree of care which ordinarily prudent persons engaged in the same kind of business usually exercise under similar circumstances, and the failure to exercise such ordinary care would be negligence. Wright v. Clark, 177 Okl. 628, 61 P.2d 192. But if we assume for the sake of argument that the railroad company was negligent in the operation of its train on this particular occasion, that, standing alone, is not sufficient to enable the plaintiff to recover damages for Kennard's death. It must be further shown that such negligence was the proximate cause of Kennard's death. City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189; Mathers v. Younger, 177 Okl. 294, 58 P.2d 857. And for an act to be deemed the proximate cause of an injury it must be shown that a person of ordinary intelligence would have foreseen that the injury was liable to be produced by the act. Mathers v. Younger, supra; Oklahoma Gas & Elec. Co. v. Wilson, 172 Okl. 540, 45 P.2d 750; Patrick v. Oklahoma City, et al., 170 Okl. 545, 41 P.2d 103.

> "From the statement of the evidence above, we think it conclusively appears that the speed of the train was not the proximate cause of Kennard's death.

> His death was caused by his own act. The peril in which he placed himself by going upon the railroad tracks immediately in front of the rapidly approaching train was clearly apparent. No one could reasonably anticipate that he would pursue such a course to his own injury."

Plaintiff does not attribute his injury to a direct impact of an instrumentality launched, or set in motion by the defendant. Rather, he ascribes the mishap to his own reflex action when confronted with the sudden flashing of the lights which allegedly caused him to become apprehensive of his safety. Where, as here, plaintiff's injuries are not directly inflicted by an act of the defendant, but result from his own instinctive action taken out of fear that his life or limb is endangered, defendant's act can only be said to be the proximate cause of the injury if it be shown that defendant's negligent act, to which the injury is attributed, did in fact create a reasonable appearance and apprehension of imminent peril to plaintiff and left him no time for deliberation; absent such proof, the injury sustained will be deemed to have resulted from plaintiff's independent act in voluntarily placing himself in a position of a known or appreciated danger which he should have reasonably anticipated and been prepared to meet. As stated at p. 735, Sec. 76, 38 Am. Jur. "Negligence", " * * * where the proximate cause of the plaintiff's injury is his own independent act, for which there is no necessity, and which is in no way brought about by any default on the part of the defendant, he is not entitled to recover." See Mathers v. Younger, 177 Okl. 294, 58 P.2d 857; Hedgecock v. Orlosky, 220 Ind. 390, 44 N.E.2d 93, 96; and Beck v. Browning, 129 Tex. 7, 101 S.W.2d 545. The latter two cases, though not in point with the facts herein, announce the principles of law governing liability where negligence is sought to be predicated on defendant's acts creating "sudden peril". Three evidential elements must be supplied to make the doctrine of sudden peril applicable. These

are: (a) The peril, or alarm, must have been caused by the negligence of the defendant; (b) The apprehension of peril, from standpoint of the injured person, must have been reasonable; and (c) The appearance of danger must have been so imminent as to leave no time for deliberation.

The parties have not cited a case in point of fact, and our research has led to none. However, to our way of thinking, Allen v. Pearce Dental Supply Co., 149 Kan. 549, 88 P.2d 1057, is by way of analogy apposite.

In the cited case plaintiff sought to recover on the theory that his injury was caused by the driver of defendant's truck who made a left turn in violation of an applicable ordinance. The Supreme Court held in substance that, assuming the truck driver, when making a left turn, violated an ordinance, it was not shown that his act would cause a reasonably prudent person to believe that his life or limb was in peril and, for said reason, justify plaintiff in acting as she did. The first paragraph of the syllabus to the opinion reads thusly:

"Where action for damages, based on negligence, is brought for injuries not directly inflicted by another person, but received in acting quickly to avoid what was believed to be an imminent danger that had suddenly arisen, recovery cannot be had unless it appears, as part of the proof that the negligence of the other person was the proximate cause of the injury, and that the fear aroused was a reasonable one which would naturally arise, under like circumstances, in the mind of an ordinarily prudent person."

The crux of plaintiff's position is that when the signal lights began to flash the last time, he, as a reasonably prudent person, was justified in concluding that unless he stopped his automobile before reaching the crossing, he was apt to be struck by a train.

Plaintiff was without knowledge of the defective condition of the signal system until after the accident. Therefore, when the signal system began to operate the last time, was plaintiff justified in concluding that a train was near the crossing and that his automobile would be struck or collide therewith unless the automobile were brought to an abrupt stop? It is not shown that if the system were in proper operating condition and an approaching train had in fact activated it, plaintiff would not have had time to pass safely over the crossing before the train reached it. In brief, that under normal conditions, the defect in operation of the system would reasonably justify plaintiff's conclusion that he was in peril. Neither was it shown that signals given by a system, such as that used at the crossing, indicate the proximity of a train to the crossing, or that after being activated by a train, the signal flashes increase in rapidity as the train travels from point of activation to the crossing, or that in the instant case there was otherwise any indication that a train was so near the crossing as to reasonably induce plaintiff's belief that he was in the position of a sudden, unexpected and imminent danger.

The mere fact that plaintiff saw the warning light go off when still some distance away from the track could not warrant his belief that he would not again face another signal before crossing. It is, therefore, manifest that the railroad could not have reasonably anticipated that the intermittent flickering of its light signals would cause plaintiff to pursue the course of action which led to his injury.

In the second paragraph of Norman v. Scrivner-Stevens Co., 201 Okl. 218, 204 P.2d 277, it was said that "Where the admitted facts fail to show a causal connection between the acts of negligence and the injury alleged to have resulted therefrom, the existence of proximate cause is a question of law for the trial court." We are convinced that the quoted rule is applicable to the facts presented by the instant case.

Under the facts of this case, the trial court, for reasons stated, erred in not sustaining defendant's motion for a directed verdict.

As to the cause of action stated in defendant's cross-petition, which was based on damage to its signal system, it did not below, nor does it here, urge that denial of its asserted right to recover thereon was error. This portion of the judgment is affirmed. As to the remaining portion of the judgment, same is reversed with directions to enter judgment in favor of defendant.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.