**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Plaintiff,**

v.

**MERRILL LYNCH, PIERCE, FENNER AND SMITH, INCORPORATED and Michael A. Conine, Defendants.**

**No. CIV–76–0416–D.**

United States District Court, W. D. Oklahoma.

Nov. 19, 1976.

Edgar R. Fenton, Oklahoma City, Okl., for plaintiff.

John S. Athens, Douglas L. Inhofe, Tulsa, Okl., for Merrill Lynch, Pierce, Fenner and Smith, Inc.

No attorney of record listed for defendant Conine.

## ORDER OF DISMISSAL

DAUGHERTY, District Judge.

This case arises from a loss purportedly sustained by Plaintiff Hartford Accident and Indemnity Company (Hartford) on a blanket banker's fidelity bond issued to the Oklahoma State Bank of Vinita, Oklahoma. Said loss apparently arose from alleged wrongful and illegal conduct of Defendant Michael T. Conine while engaged as an officer of said bank. It is alleged Conine forged several certificates of deposit drawn on the insured bank and pledged same to four other banks as security for personal loans and upon default ·the other banks ultimately were successful in holding Plaintiff liable under said fidelity bond for the losses sustained by the lending banks. Plaintiff urges in this action that the proceeds of the loans were invested with Defendant Merrill Lynch, Pierce, Fenner and Smith, Incorporated (Merrill Lynch) by Conine in what were known as margin accounts. It is contended that Defendant Merrill Lynch was negligent in handling such accounts by reason of failing to follow certain rules of the New York Stock Exchange of which it is a member in regard to notifying the employer of an investor employed by a bank that its employee was engaged in marginal stock market transactions and in obtaining the bank's approval for its employee's investment activities. It is alleged by Plaintiff that such negligence permitted the continued employment of Conine by the insured bank proximately causing Plaintiff to sustain a loss based on the issuance of its blanket banker's bond to the· Oklahoma State Bank of Vinita, Oklahoma (Oklahoma State Bank).

Defendant Merrill Lynch has filed a Motion to Dismiss or in the Alternative For Summary Judgment. Same is supported by affidavits and is accompanied by a Brief. Plaintiff has filed a Response opposing said Motion. One basis for said Motion is that the Complaint fails to state a cause upon which relief can be granted. This portion of the Motion to Dismiss is pursuant to Rule 12(b)(6), Fed.Rules Civ.Proc.

In support of its contention that the Plaintiff has failed to state a claim, Movant urges that neither Plaintiff nor its insured are designed to be protected by the Rule it is alleged was violated. It is further contended that Conine as an officer of the bank was not an "employee" to which the Rule requiring notification to an employer applied.

Plaintiff in its Response to this portion of the Motion to Dismiss urges that a claim is stated in the Complaint against Defendant Merrill Lynch. Said allegation is summarized[1] in the Brief as follows:

"It is alleged in the complaint that defendant failed to supervise the margin account of defendant Conine and failed or omitted to require or obtain written consent of Oklahoma State Bank to the opening or maintenance of said margin account; that the wrongful acts of Conine, aided and abetted by the negligence and omission of the defendant Merrill Lynch, combined to permit the continued employment of defendant Conine by Oklahoma State Bank and to proximately cause the damage and loss sustained."

In considering a Motion to Dismiss for failure to state a claim, the allegations in the Complaint must be taken as true. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Dewell v. Lawson*, 489 F.2d 877 (Tenth Cir. 1974). A Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Cruz v. Beto*, supra; *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d

1. Said summary accurately sets out the substantive allegations contained in the Complaint.

80 (1957); *Hudson v. Harris,* 478 F.2d 244 (Tenth Cir. 1973). However, the legal effect ascribed by the pleader is not to be admitted, but is to be determined by its terms as a matter of law. *Droppleman v. Horsley,* 372 F.2d 249 (Tenth Cir. 1967).

In applying the rules of interpretation to the allegations contained in the Complaint in this action, the Court will consider that Defendant Merrill Lynch negligently failed to notify Oklahoma State Bank that its officer, Conine, had opened or maintained one or more marginal stock accounts. It will further consider as admitted that Movant was negligent in failing to obtain written approval from said bank for its officer, Conine, to engage in marginal stock trading. The Court will even give the pleader the benefit of the possibly conclusionary allegation that such negligence permitted Conine to continue his employment with Oklahoma State Bank.

■ The legal conclusion contained in the Complaint which the Court cannot permit to be considered as admitted in determining this Motion is the allegation that the negligence of Movant proximately caused the damage and loss sustained by Plaintiff Hartford. An examination of proximate cause as applied by the Courts of Oklahoma[2] is found in the case of *Beesley v. United States,* 364 F.2d 194 (Tenth Cir. 1966) wherein the Court stated:

"The Oklahoma Supreme Court has developed a clear expression of the law of proximate cause in Oklahoma. The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury. *Porter v. Norton-Stuart Pontiac-Cadillac of Enid,* 405 P.2d 109 (Okl.1965). Where the negligence complained of only creates a condition which thereafter reacts with a subsequent, independent, unforeseeable, distinct agency and produces an injury, the original negligence is the remote rather than the proximate cause thereof. This is held to be true though

injury would not have occurred except for the original act. *Transport Indemnity Co. v. Page,* 406 P.2d 980 (Okl.1965); *Norman v. Scrivner-Stevens Co.,* 201 Okl. 218, 204 P.2d 277 (1949); *City of Okmulgee v. Hemphill,* 183 Okl. 450, 83 P.2d 189 (1938). Thus the proximate cause of an event must be that which in the natural and continuous sequence, unbroken by any independent cause, produces that event and without which that event would not have occurred. *Porter v. Norton-Stuart Pontiac-Cadillac of Enid,* supra; *Mathers v. Younger,* 177 Okl. 294, 58 P.2d 857 (1936)."

In applying the proximate cause versus mere condition doctrine to the allegations contained in the Complaint herein, the facts which are considered to be correct for the purposes of considering whether the Complaint herein states a claim upon which relief can be granted against Merrill Lynch appear to state that Defendant Conine forged or obtained four separate certificates of deposits which had been forged and pledged same with four other banks as security for loans and thereafter paid the loan proceeds to Merrill Lynch, presumedly in relation to the margin accounts.

■ The Oklahoma cases indicate that under proper circumstances the existence of probable cause becomes a question of law for the Court. In *Evans v. Caldwell,* 429 P.2d 962 (Okl.1967) the Court stated:

". . . that if the facts do not disclose a causal connection between the act of negligence and the injury alleged to have resulted therefrom, the existence of proximate cause is a question of law for the court."

In *Smith v. Davis,* 430 P.2d 799 (Okl.1967) the Court set out the following statement taken from an earlier case:

"As a general rule the proximate cause of an injury is a question of fact and only becomes a question of law where the evidence together with all inferences

---

2. The law of Oklahoma applies in this action in which subject matter jurisdiction is based on diversity of citizenship between the parties and amount in controversy pursuant to 28 U.S.C. § 1332.

which may be properly deduced therefrom is insufficient to show a causal connection between the alleged wrong and the injury."

The rule was stated in *Merchants Delivery Service, Inc. v. Joe Esco Tire Co.*, 533 P.2d 601 (Okl.1975) as follows:

"It is a well established rule that whether there is any evidence tending to show causal connection between the acts of the defendant and the injury complained of is a question of law for the Court. *Midco Oil Corporation v. Hull*, 182 Okl. 21, 75 P.2d 1126, and *Pepsi-Cola Bottling Co. [of Tulsa v. Von Brady*, Okl., 386 P.2d 993], supra."

In considering the allegations of the Complaint, the Court finds that the facts contained therein are insufficient to show any causal connection between the alleged negligent acts of Merrill Lynch in failing to advise Conine's employer and obtaining said employer's permission for him to engage in trading on margin accounts and the loss sustained by Plaintiff on its banker's fidelity bond. The Complaint fails to show the required proximate cause between the negligence alleged and the injuries complained of as a matter of law.

The facts as set out in the Complaint indicate the alleged forgeries or obtaining forged documents by the bank officer were the efficient cause which set in motion the chain of circumstances leading to the loss sustained by Plaintiff Hartford on its banker's fidelity bond. The allegation that negligent acts of Defendant Merrill Lynch permitted the continued employment of the alleged defalcating bank officer only appears to indicate a condition which permitted the acts to go undetected and possibly allowed subsequent wrongful acts to be committed by the bank officer after the first had been committed. Such condition is not any more related to the proximate cause of the loss sustained by Plaintiff than the acts of the directors of the Oklahoma State Bank who initially placed Conine in the position of employment as an officer of the bank and retained him in said position while the wrongful acts were committed.

The Court concludes in light of the foregoing that the Motion to Dismiss for failure to state a claim upon which relief can be granted asserted against Defendant Merrill Lynch should be sustained. It is unnecessary to consider the alternative Motion for Summary Judgment. The Complaint is dismissed as to Defendant Merrill Lynch only.

It is so ordered this 19 day of November, 1976.